J-S13042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RILEY BANKS | |
| Appellant | No. 1527 EDA 2016 |

Appeal from the PCRA Order May 9, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):
CP-51-CR-0309081-2005
CP-51-CR-0407441-2005

BEFORE: BENDER, LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 15, 2017**

Appellant, Riley Banks, appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant claims that his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and that *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016), which held that *Alleyne* "does not apply retroactively to cases pending on collateral review[,]" was wrongly decided. We affirm.

The PCRA court has ably summarized the factual and procedural history of this appeal. *See* PCRA Ct. Op., 6/8/16, at 1-4. It suffices here to note that Appellant was sentenced on October 26, 2006, to an aggregate thirty-one to sixty-two years' imprisonment for numerous sexual offenses.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9545.

This Court affirmed the judgment of sentence on January 3, 2008, *Commonwealth v. Banks*, 3215 EDA 2006 (Pa. Super. Jan. 3, 2008) (unpublished memorandum), and Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

After his first, unsuccessful attempt at PCRA relief, Appellant filed the instant *pro se* PCRA petition on March 22, 2013. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, to which Appellant filed a response. The court thereafter dismissed the petition on May 9, 2016. This timely appeal followed.[2]

Appellant presents the following question for review:

> Whether the legality of a sentence may be raised for the first time on post-conviction?
>
> Whether Appellant's sentence is illegal pursuant to an unconstitutional sentencing statute?
>
> Whether the lower Court erred in refusing to grant relief through the PCRA?

Appellant's Brief at 4.

Because the timeliness requirements of the PCRA are jurisdictional in nature, we first review the PCRA court's determination that Appellant's petition was untimely. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is

---

[2] The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement.

supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014) (citation omitted). The PCRA time limitations are not subject to the doctrine of equitable tolling, and all claims, including legality of sentencing challenges, must be presented in a timely PCRA petition. ***Fahy***, 737 A.2d at 222-23. The petitioner bears the burden of proving a timeliness exception. ***See Miller***, 102 A.3d at 993.

Instantly, there is no dispute that Appellant's petition, filed on March 22, 2013, was not filed within one year from the date his conviction became final, *i.e.*, by February 3, 2009. **See** 42 Pa.C.S. § 9545(b)(1), (3). Although Appellant argues that he should be entitled to a time-bar exception based on various theories, including his assertion that the Pennsylvania Supreme Court's decision in **Washington** was wrongly decided,[3] he provides no basis to conclude that the constitutional rights on which he seeks relief were held to be retroactive by the Pennsylvania or United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Miller**, 102 A.3d at 994. Accordingly, Appellant has not carried his burden of establishing that his petition was timely filed.

Thus, we affirm the order of the PCRA court dismissing Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017

---

[3] It is well settled that this Court's "jurisprudential task is to effectuate the decisional law of the [Pennsylvania Supreme] Court, not to restrict it through curtailed readings of controlling authority." **Commonwealth v. Millner**, 888 A.2d 680, 693 (Pa. 2005) (citation omitted).